PEGGY MORRIS,

                *Plaintiff*,

    - versus -

SHELDON J. ROSEN, P.C., SHELDON J.
ROSEN, ESQ., MICHAEL J. MOTTO,
MARIBEL TEJADA BOLIVAR, LISA
PETERSON, ROCHDALE VILLAGE, INC.,
John Doe #1-10, and Jane Doe #1-10,

                *Defendants*.

MEMORANDUM AND ORDER

11-CV-3556 (JG) (LB)

A P P E A R A N C E S :

    PEGGY MORRIS
        191-36 116th Avenue
        St. Albans, New York 11412

        Plaintiff, *Pro Se*

    FURMAN KORNFELD & BRENNAN LLP
        61 Broadway, 26th Floor
        New York, New York 10006
    By:    A. Michael Furman
        Joshua B. Abrams

        Attorneys for Defendants Sheldon J.
        Rosen, P.C., Sheldon J. Rosen and
        Maribel Tejada Bolivar

    BAKER GREENSPAN & BERNSTEIN, ESQS.
        2099 Bellmore Avenue
        Bellmore, New York 11710
    By:    Robert L. Bernstein, Jr.

        Attorneys for Defendant Rochdale
        Village, Inc.

JOHN GLEESON, United States District Judge:

Plaintiff Peggy Morris filed this *pro se* civil rights action on July 25, 2011, alleging a conspiracy among the named defendants to unlawfully evict her from an apartment in Queens, New York. On September 4, 2011, I granted Morris's motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915, dismissed *sua sponte* the claims against 18 of the 24 named defendants as well as the claims brought pursuant to 42 U.S.C. §§ 1985 and 1986. *See Morris v. Katz*, No. 11-CV-3556 (JG) (LB), 2011 WL 3918965, at *1 (E.D.N.Y. Sept. 4, 2011). I allowed Morris's claim brought pursuant to 42 U.S.C. § 1983 to proceed against the six remaining defendants – Maribel Tejada Bolivar, Sheldon J. Rosen, Sheldon J. Rosen, P.C. (collectively, the "Rosen Defendants"), Rochdale Village, Inc. ("Rochdale"), Michael J. Motto and Lisa Peterson. *See id.*

The Rosen Defendants and Rochdale have moved to dismiss the remaining § 1983 claim against them. They have also moved for an order declaring Morris to be a vexatious litigant and enjoining her from instituting further actions against them or, in the alternative, the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the reasons set forth below, the case is dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction *sua sponte* and the Defendants' motions are denied insofar as they seek sanctions.

## BACKGROUND

A. *Factual Background*

Rochdale Village is a federally-subsidized cooperative apartment complex for low-income families. Compl. ¶ III.E, ECF No. 1. Morris began residing at an apartment there in 2000. *Id.* ¶ III.F. She lived there with the apartment's shareholder of record, Osborne Miller. *See id.* Miller died on December 16, 2009. *Id.*

Morris's conflict with the Defendants arises from her eviction following Miller's death. Rochdale commenced a holdover proceeding against Morris in the Civil Court of the City of New York, Queens County, *Rochdale Village, Inc. v. Miller*, Index No. 57347/2010, asserting that she had no rights to the apartment. Rochdale retained Rosen and his firm, Sheldon J. Rosen, P.C., to prosecute the holdover proceeding. Bolivar was a legal secretary employed by Rosen's firm and, in that capacity, she notarized certain documents in connection with the proceeding.

On April 22, 2012, the civil court conducted a hearing with respect to the holdover proceeding. Because Morris had failed to appear, the court conducted an inquest, resulting in a default judgment of possession in Rochdale's favor. A warrant of eviction was issued on May 17, 2010.

On May 25, 2010, Morris moved by order to show cause to vacate the default judgment and stay her eviction. She argued that she had not been properly served with notice of the holdover proceeding. She also claimed that she had succession rights to the apartment. At a June 7, 2010 hearing, the civil court denied her motion. The court held that Morris had been properly served in the holdover proceeding and had "no rights to the apartment."

Morris appealed the June 7, 2010 decision to the Supreme Court of the State of New York, Appellate Term. Although the Appellate Term initially stayed Morris's eviction, it vacated the stay on October 19, 2010, after Morris failed to pay Rochdale for her use of the apartment as directed. Morris's appeal remains pending in the Appellate Term.

Morris again sought to vacate the default judgment and stay her eviction in the civil court. On October 22, 2010, the civil court denied the requested relief. Morris was evicted from the apartment on July 25, 2011.

B.    *Other Litigation in State Court*

Morris commenced three cases in the Supreme Court of New York, Queens County, all relating to her eviction. In late summer 2010, she commenced a civil action, *Morris v. Sheldon J. Rosen, P.C.*, Index No. 22934/2010, in which she alleged, *inter alia*, that the Rosen Defendants had violated New York Judiciary Law§ 487 in commencing and prosecuting the holdover proceeding. Morris filed a notice of discontinuance of the case on December 20, 2010.

In November 2010, Morris commenced a proceeding under Article 78 of the New York Civil Practice Law and Rules, *Morris v. Katz*, Index No. 29202/2010, against the Rosen Defendants – as well as judges, court clerks and police officers involved in her eviction. The Court dismissed Morris's petition in an order dated May 31, 2011.

Finally, on December 15, 2010, Morris again filed a civil action, *Morris v. Rochdale Village, Inc.*, Index No. 30831/2010, naming the Rosen Defendants, Rochdale and others as defendants. On July 11, 2011, the court granted the Rosen Defendants' motion to dismiss.

C.    *Procedural Background of This Case*

Morris commenced this case on July 25, 2011, the same day she was evicted. She sought a temporary restraining order and a preliminary injunction barring the eviction and was heard in this Court on that same day. However, because the eviction had been effected earlier that morning, I denied her request for injunctive relief as moot. In an application dated July 27, 2011, Morris sought an order restoring her to possession of the apartment or, alternatively, barring Rochdale from reletting it. I denied this requested relief on July 28, 2011, on the ground that Morris had not demonstrated a likelihood that she would succeed on the merits of her claim.

Morris's complaint named 24 defendants, including judges, legislators, the New York City Marshal, a Deputy Mayor of New York as well as state and city agencies. She asserted claims pursuant to 42 U.S.C. §§ 1983, 1985 & 1986. On September 4, 2011, I dismissed the claims against 18 of the defendants *sua sponte* pursuant to 28 U.S.C. § 1915, on the grounds that either those defendants were immune from suit or the claims against them were insufficiently alleged. *See Morris*, 2011 WL 3918965, at *3–7. I also dismissed her §§ 1985 and 1986 claims because she did not allege sufficient facts supporting a claim that the defendants were engaged in a conspiracy or that they targeted her on account of her race. *See id.* at *7–8. I allowed her § 1983 claim to proceed against the remaining defendants.

Motto answered the complaint on January 16, 2012, asserting an affirmative defense of *res judicata*. Peterson was never served with a summons and complaint and the claim against her was therefore dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* Order Adopting Report & Recommendation, ECF No. 38.

The other remaining defendants – the Rosen Defendants and Rochdale – have moved to dismiss the complaint. They argue that Morris has failed to allege a violation of due process because she had no property interest in the apartment. The Rosen Defendants also argue that the claims against them are barred by *res judicata*.

DISCUSSION

A.    *Subject-Matter Jurisdiction*

Under the *Rooker-Feldman* doctrine – named for the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422

F.3d 77, 84 (2d Cir. 2005); *see also Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine is premised on "the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock*, 422 F.3d at 85. It bars cases in federal district courts "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011).

Neither the Rosen Defendants nor Rochdale have argued that the *Rooker-Feldman* doctrine applies to this case; they have moved to dismiss on other grounds. However, "[b]ecause *Rooker-Feldman* goes to subject-matter jurisdiction," *Hoblock*, 422 F.3d at 83, it "may be raised at any time by either party or *sua sponte* by the court." *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir.1996), *abrogated in part on other grounds*, *Exxon Mobil Corp.*, 544 U.S. 280; *see also, e.g.*, *Forjone v. Federated Fin. Corp. of Am.*, 816 F. Supp. 2d 142, 146 n.2 (N.D.N.Y. 2011) ("[T]he Court may address the applicability of the *Rooker-Feldman* doctrine *sua sponte* because the doctrine relates to the Court's subject matter jurisdiction."); *Bey v. State of New York*, No. 10-CV-1446 (NGG) (RER), 2010 WL 1688066, at *2 (E.D.N.Y. Apr. 21, 2010).

Application of the *Rooker-Feldman* doctrine requires that:

(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced.

*McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010); *see also Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009); *Hoblock*, 422 F.3d at 85. "The first and fourth of these requirements may be

loosely termed procedural; the second and third may be termed substantive." *Hoblock*, 422 F.3d at 85.

The procedural requirements – the first and fourth – are plainly satisfied. Morris lost in the holdover proceeding in civil court. And both the default judgment in the holdover proceeding and the denial of her motion to vacate the default judgment were issued prior to the commencement of proceedings in this Court.

The substantive requirements – the second and third – are satisfied as well. Morris is complaining about an injury caused by the civil court's judgment and seeks it reversal. She argues that she was not properly served with notice of the holdover proceeding and that the civil court's judgment therefore deprived her of property without due process. The relief she seeks in this case would effectively reverse the state court's judgment granting possession of the apartment to Rochdale.

In *Hoblock*, the Second Circuit provided the following example of an injury caused by a state court judgment:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.

*Id.* at 87; *see also Green*, 585 F.3d at 103.

The situation in this case is analogous to this example. The only differences are that this case involves an eviction rather than the loss of custody and a procedural due-process claim rather than a substantive one. *Cf. Congregation Adas Yereim v. City of New York*, 673 F. Supp. 2d 94, 104 (E.D.N.Y. 2009) ("Just as a father's federal court challenge to the termination of his parental rights by a state court order will run aground on the shoals of *Rooker-*

7

*Feldman*, so too, does plaintiffs' challenge to [the state] Court's order terminating the [plaintiff's] rights to the . . . property here." (citations omitted)).

It makes no difference that the precise harm Morris complains of – her eviction – was brought about by third parties. "Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear." *Hoblock*, 422 F.3d at 88; *see also Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 165 (E.D.N.Y. 2010) (claimed injuries arising from "defendants' conduct in obtaining and enforcing [a state court] judgment" were caused by the judgment), *aff'd*, 446 F. App'x 360 (2d Cir. 2011); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 348–49 (E.D.N.Y. 2010). The state court judgment brought about Morris's subsequent eviction, which could not have happened absent the judgment. The judgment therefore caused her injury for *Rooker-Feldman* purposes. *See Hoblock*, 422 F.3d at 88 ("[I]f the state has taken custody of a child pursuant to a state judgment, the parent cannot escape *Rooker-Feldman* simply by alleging in federal court that he was injured by the state employees who took his child rather than by the judgment authorizing them to take the child.").

*Rooker-Feldman* thus bars Morris from claiming that the state court judgment violated her right to due process. Indeed, courts have repeatedly dismissed analogous claims as barred by the *Rooker-Feldman* doctrine. *See, e.g.*, *MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353, 365–66 (E.D.N.Y. 2010) (*Rooker-Feldman* barred challenge to constitutional sufficiency of notice provided in state court proceeding); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 273 (E.D.N.Y. 2009) (*Rooker-Feldman* barred claim that state court eviction proceeding was unlawful); *Tsabbar v. Madden*, No. 07-CV-4923 (DLI) (LB), 2007 WL

8

4300115, at *2 (E.D.N.Y. Dec. 5, 2007) (same), *aff'd*, 326 F. App'x 61 (2d Cir. 2009); *Jacobowitz v. City of N.Y. Dep't of Hous. Pres. & Dev.*, No. 07-CV-658 (ARR) (VVP), 2007 WL 594962, at *6–7 (E.D.N.Y. Feb. 22, 2007) (same).

Although Morris may not bring her claims attacking the civil court's judgment in this Court, she may appeal the civil court's decision "to higher New York courts and, eventually, to the U.S. Supreme Court under 28 U.S.C. § 1257," *Green*, 585 F.3d at 103 – a process she has already begun.

B. *Sanctions*

Federal courts have the power to impose sanctions even if they lack subject-matter jurisdiction over the merits of an underlying dispute. *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999); *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 218 (E.D.N.Y. 2011). Thus, my conclusion that *Rooker-Feldman* bars Morris from asserting her claims in this Court does not prevent me from considering the Defendants' request for sanctions.

The Defendants seek an order declaring that Morris is a vexatious litigant and enjoining her from filing additional actions. In determining whether this relief is warranted, the following factors are relevant:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Persaud v. United States*, No. 04-CV-2862 (CBA), 2010 WL 538823, at *5 (E.D.N.Y. Feb. 11, 2010) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23–24 (2d Cir.1986)) (internal quotation marks omitted).

Having considered these factors, I conclude that enjoining Morris from filing future lawsuits is unwarranted at this time. Morris is proceeding *pro se* and would understandably be unfamiliar with the *Rooker-Feldman* doctrine as well as the *res judicata* argument raised by the Defendants. In addition, I find there is no evidence of an improper motive, such as harassment, in her bringing this lawsuit. Although Morris filed three civil actions prior to this one, she voluntarily discontinued the first one. The fact that she filed two more actions in state court may have been the result of confusion as to whether to bring an Article 78 proceeding or a civil action. Although her filing of multiple actions involving related claims may have caused some burden and expense to the Defendants, I find this is insufficient to warrant restricting Morris's access to the courts. Instead, Morris is warned that if she continues to file duplicative actions, she may be enjoined from commencing future actions in this Court without obtaining leave to do so.

For similar reasons, I conclude that sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure are unwarranted. *See, e.g.*, *Boggs v. Die Fliedermaus, LLP*, 286 F. Supp. 2d 291, 302 (S.D.N.Y. 2003); *Babigian v. Ass'n of the Bar of the City of N.Y.*, 144 F.R.D. 30, 33–34 (S.D.N.Y. 1992). In addition, sanctions under Rule 11 are unavailable here because the Defendants have not complied with the Rule's "safe harbor" provision, *see* Fed. R. Civ. P. 11(c)(2), which requires that the motion for sanctions be served on the allegedly offending party at least 21 days before it is filed with the court. *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327–28 (2d Cir. 1995); *Ajuluchuku-Levy v. Schleifer*, No. 08-CV-1752

(SJF) (AKT), 2009 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("Compliance with the safe harbor provision is mandatory, and failure to do so will result in denial of the motion for sanctions.").

## CONCLUSION

For the reasons stated above, the complaint is dismissed for lack of subject-matter jurisdiction. The Defendants' motions are denied to the extent they seek sanctions. The Clerk of Court is respectfully directed to enter judgment and close the case.

So ordered.


John Gleeson, U.S.D.J.

Dated: July 2, 2012
      Brooklyn, New York